UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT EMMETT GREEN,

    Plaintiff,

v.                                                                                                Case No. 2:05-mc-5
                                                                                        HON. ROBERT HOLMES BELL

NORTH COUNTRY BANK &
TRUST, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Emmett Green filed this action maintaining admiralty jurisdiction and asserting that he is the "holder in due course of the CLAIM/AGREEMENT/CONTRACT and holds the BOND pursuant to the Uniform Commercial Code IN FACT and that; 2. The third party Defendants/Libellees are failing to state a claim by which relief can be granted pursuant to FRCP 12(b)(6) IN FACT and that; 3. Failure of this court to enter and execute JUDGMENT BY ESTOPPEL in favor of Injured Third Party Intervenor/Libellant is denial of due process and equal access to justice and creates another injury in the public and enlarges the SUM CERTAIN Ten (10) times IN FACT." See page 13 of plaintiff's Commercial Affidavit in Fact, docket #10.

Defendants have filed a motion to dismiss and a motion for summary judgment which have been referred to the undersigned. The parties have filed briefs, and the matter is ready for a decision.

The materials on file indicate that plaintiff Robert Emmett Green is a resident of the City of Marquette, Michigan, and the President of The Office Lounge, Inc., a Michigan corporation doing business in Marquette, Michigan. Defendant North County Bank & Trust ("the Bank") is a

Michigan banking corporation with its principal office in Manistique, Michigan. Defendant Jim Bess is a Michigan resident. Plaintiff sought and received a loan from the Bank in the name of The Office Lounge, Inc., on April 11, 1996, in the amount of $100,000.00. This loan was secured by a mortgage which was guaranteed by plaintiff. According to the defendants, plaintiff defaulted on the note and foreclosure by advertisement was instituted. Thereafter, a sheriff's sale was held, and the Bank obtained a sheriff's deed on mortgage sale dated February 13, 2004. Plaintiff did not redeem the property during the six month redemption period. Plaintiff also did not vacate the mortgaged premises. Thereafter, the Bank instituted proceedings in the 96th District Court for the State of Michigan for possession of the premises. The district court issued an order granting the Bank possession of the premises. Plaintiff has failed to vacate those premises and the Bank is seeking a writ of restitution from the district court to have plaintiff removed from the premises. Plaintiff filed this action apparently seeking to halt the proceedings in state court.

It is difficult to discern what plaintiff is claiming or the basis for those claims. Plaintiff argues that all parties are vessels and therefore this Court has admiralty jurisdiction. Plaintiff's arguments can best be summarized as nonsense. Plaintiff has failed to allege a basis for subject matter jurisdiction in this Court. There is not diversity of citizenship and there is no federal claim being asserted. Accordingly, it respectfully recommended that the case be dismissed for lack of subject matter jurisdiction. Moreover, having reviewed the materials on file, the undersigned recommends the Court could alternatively find that plaintiff has failed to set forth a claim upon which relief can be granted.

For the foregoing reasons, it is respectfully recommended that defendants' motion to dismiss (docket #4) be granted, and this case be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 24, 2005